**IN THE UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

**MELISSA WHITED,**

**Plaintiff;**

**Case No.: ____________**

**vs.**

**LINCOLN LIFE ASSURANCE COMPANY OF BOSTON,**

**Defendant.**

---

# COMPLAINT

---

COMES NOW Plaintiff, Melissa Whited [hereinafter "**Plaintiff**" or "**Ms. Whited**"], by and through her attorneys, and for her Complaint against Defendant, Lincoln Life Assurance Company of Boston (f/k/a Liberty Life Assurance Company of Boston)[1] [hereinafter "**Defendant**" or "**Lincoln**"], states as follows:

## JURISDICTION AND VENUE

1. Jurisdiction of this case is based on the Employee Retirement Income Security Act of 1974, as amended ("ERISA"); and in particular, without limitation, 29 U.S.C. §§ 1132(e)(1) and 1132(f). Among other things, those provisions give District Courts the right to hear civil actions brought to recover benefits and clarify rights under the terms of employee welfare benefit plans; here, this consists of Simpson Manufacturing Company's Long-Term Disability Plan and corresponding insurance policy (**Group Policy No.: GF3-860-066657-01**) (hereinafter the "**Plan**" and the "**Policy,**" respectively); which was (and is) underwritten, administered and/or managed by

[1] Upon information and belief, effective 5/1/18, Liberty Life Assurance Company of Boston was acquired by The Lincoln National Life Insurance Company, a Lincoln Financial Group company. Then, effective 9/1/19, Liberty Life Insurance Company of Boston changed its name to Lincoln Life Insurance Company of Boston.

Lincoln for the benefit of certain employees of Simpson Manufacturing Company [hereinafter "**Simpson**"]. In addition, this action may be brought in this Court pursuant to 28 U.S.C. § 1331, which gives District Courts jurisdiction over actions that arise under the laws of the United States ("federal question jurisdiction").

2. The ERISA statute provides, at 29 U.S.C. § 1133, a mechanism for administrative or internal appeal of benefit denials. These avenues of appeal, *i.e.*, administrative remedies, have now been exhausted by or on behalf of Plaintiff. *See*, **Lincoln Claim No.: 5630233.**

3. Venue is proper in the Middle District of Tennessee, pursuant to 29 U.S.C. § 1132(e)(2) and/or 28 U.S.C. § 1391.

## RELEVANT PARTIES

4. Ms. Whited resides in Portland, Tennessee, and a substantial part of the events, transactions, and occurrences material to her claim for disability took place within the Middle District of Tennessee.

5. At all times relevant hereto, Ms. Whited was an "employee" of Simpson, that being her "employer"; as those two terms are defined in 29 U.S.C. §§ 1002(5) and (6). Plaintiff worked as a human resources coordinator/employee services coordinator; however, due to her established disability, she last worked there on or about December 8, 2015.

6. At all times relevant hereto, Simpson was the Plan Sponsor and Plan Administrator for the Plan; it was also "plan sponsor," "administrator," and/or a "fiduciary" for the Plan, as those terms are defined by 29 U.S.C. §§ 1002(16) and (21).

7. At all times relevant hereto, Defendant Lincoln was the underwriter, provider of benefits, plan administrator, claims administrator, claims-review fiduciary, and/or claims fiduciary for the Plan; alternatively, or in addition, Lincoln was an "administrator" and/or a "fiduciary" for

the Plan, as those terms are defined by 29 U.S.C. §§ 1002(16) and (21). Here, it is apparent on the face of the record that Lincoln is both ultimate decision-maker (claims administrator, claims-review fiduciary, claims fiduciary) and payer/funding source of any benefits, and thus it is alleged that Lincoln has a financial conflict of interest/bias that should impact the standard of review used by the Court.

8. At the times relevant hereto, Defendant Lincoln acted as agent for the Plan and for Plan Sponsor/Plan Administrator Simpson.

9. Under the Plan, Simpson delegated or assigned to Defendant Lincoln the claims-fiduciary and claims-administrator duties for the Plan; *i.e.*, decision-making on claims for benefits, decision-making on appeals of denied claims; plus (upon information and belief) other administrative powers and duties for or under the Plan.

10. At all times relevant hereto, the Plan constituted an "employee welfare benefit plan" as defined by 29 U.S.C. § 1002(1); as an incident to her employment, Plaintiff was eligible and covered under the Plan and thus qualifies as a "participant" as defined by 29 U.S.C. § 1002(7).

11. At all times relevant hereto, the Plan/Policy provided generally for payment of disability benefits if Plaintiff became disabled and unable to work because of injury, illness, sickness, and/or other covered medical condition as set forth under the Plan/Policy.

12. The pertinent Plan/Policy provides that the test for Disability after 24 months of benefits have been paid is whether the claimant is:

> unable to perform, with reasonable continuity, the Substantial and Material Acts of **any occupation**, meaning that as a result of sickness or injury the Covered Person is not able to engage with reasonable continuity in any occupation in which he [or she] could reasonably be expected to perform satisfactorily in light of his [or her] **age, education, training, experience, station in life, and physical and mental capacity**.

## STATEMENT OF FACTS

13. Plaintiff realleges and reavers paragraphs 1 through 12 of the Complaint, incorporating them by reference herein as if specifically restated.

14. Plaintiff is currently 49 years old, and her date of birth is in September, 1970. She has a high school degree only.

15. Plaintiff worked for Simpson as a human resources coordinator/employee services coordinator for approximately thirteen (13) years. When she last worked there, she was earning an annual salary of approximately $63,000.00.

16. Owing to her established medical disability, Ms. Whited's last day of work was on or about December 8, 2015.

17. The medical conditions that form the basis for Plaintiff's disability are multi-faceted and include, without limitation, the following: history of *multiple* prior back surgeries including lumbar fusion(s) with cages, most recently in 2016; resulting chronic pain and back spasms; possible additional back surgery pending (fusion); restless leg syndrome; total knee arthroplasty (right), with follow-on surgery late 2019; similar procedure(s) on left knee pending; and depression/anxiety.

18. After she could no longer perform her work for Simpson, and based on her employment at Simpson, Ms. Whited was eligible and applied for LTD benefits through Lincoln. Ms. Whited received LTD benefits from March 7, 2016 through September 7, 2018. This included payment for the full term of "Own Occupation" benefits, as well as several months of the "Any Occupation" period. However, Lincoln then terminated further LTD benefits. The initial denial letter was dated September 10, 2018.

19. Ms. Whited, through the assistance of counsel, appealed the denial of her LTD

benefits. Lincoln reversed its initial decision and reinstated LTD benefits, albeit for only five (5) weeks. The second denial letter was dated May 20, 2019.

20. Despite further appeal(s) on behalf of Plaintiff, Lincoln has again continued to deny LTD benefits. The final denial letter was dated March 20, 2020.

21. Any and all applicable insurance-policy premiums required for LTD coverage under the Plan/Policy have been fully paid or otherwise satisfied.

22. Plaintiff has filed or caused to be filed notice or proof of claim or loss, and performed any and all other conditions precedent to recovering benefits, under the Plan/Policy for the losses claimed herein.

23. At all times relevant hereto, *i.e.,* at all times for which monetary or other relief is sought, Plaintiff was "Disabled" or suffering from "Disability" as those terms are defined under the Plan/Policy; such that certain benefits are now due and overdue to be paid. That is, her claim was and has continued to be amply supported by her treating medical providers, who have confirmed her continuing inability to work.

24. Also, Ms. Whited has been found to qualify for Social Security disability (SSD) benefits. By Notice of Award dated January 28, 2018, Ms. Whited was found disabled by the Social Security Administration (SSA)—effective as of July 25, 2016. This independent, freestanding determination by the federal government is part of the Administrative Record and is persuasive evidence of disability in this case.

25. On its face, the Plan/Policy is governed by the laws of the State of California, including California's ban of discretionary clauses. Accordingly, the standard of review in this case is *de novo* pursuant to Cal. Ins. Code § 10110.6.

26. Under any ERISA standard of review that may apply, the position taken by Lincoln in denying Ms. Whited's claim, viewed against the entire Administrative Record as properly constituted, cannot withstand judicial scrutiny. The review, analysis and decision by Lincoln were wrong, as well as arbitrary and capricious, under the circumstances presented.

27. Further, Lincoln's denial of benefits must be reversed to the extent that Plaintiff was not afforded reasonable opportunity for a full and fair review. *See*, 29 U.S.C. § 1133(2); 29 C.F.R. § 2560.503-1.

28. Plaintiff is entitled to past due LTD benefits, as well as any other companion benefits that were provided under the Plan/Policy during the pertinent time frame; she is also entitled to all future LTD benefits and companion benefits provided by the Plan/Policy, provided that she otherwise continues to meet all applicable terms and conditions of same.

29. Based on the facts summarized above and further proof that can be gleaned from the record (Administrative Record), if not adduced through any discovery, Plaintiff has suffered a loss of monies, if not other/additional damages; thus, she alleges the cause(s) of action set forth below.

## CAUSES OF ACTION

### COUNT I – ERISA/Statutory Claims

30. Plaintiff realleges and reavers paragraphs 1 through 29 of the Complaint, incorporating them by reference herein as if specifically restated.

31. Based on the facts summarized above, Plaintiff makes claim under ERISA for the reinstatement/award of all LTD and related benefits due; past, present and future; pursuant to the Plan/Policy at issue. That is, this is an action by a plan participant seeking recovery of benefits, and clarification/declaration of benefits, brought pursuant to 29 U.S.C. §§ 1001, *et seq*., in

particular 29 U.S.C. § 1132(a); as well as all pertinent implementing regulations and the federal common law developed in the context of ERISA.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff prays for the following relief:

A. That the Court enter judgment in Plaintiff's favor and against the Defendant; declaring, determining, clarifying and ordering under ERISA (via 28 U.S.C. §§ 2201, 2202 and Fed. R. Civ. P. 57, via injunction pursuant to Fed. R. Civ. P. 65, via specific performance, or otherwise) that Defendant or its designee pay to Plaintiff any and all LTD benefits to which she was entitled but is still owed; or, alternatively, a dollar amount equal to the contractual amount of benefits to which Plaintiff was entitled but never paid; or, alternatively, assess concomitant surcharge(s) under principles of equity;[2] each together with interest; and all as recoverable pursuant to the contractual terms of the Plan/Policy at issue, under ERISA law, and subject to the proof;

B. That the Court enter judgment in Plaintiff's favor and against the Defendant; declaring, determining, clarifying and ordering under ERISA (via 28 U.S.C. §§ 2201, 2202 and Fed. R. Civ. P. 57, via injunction pursuant to Fed. R. Civ. P. 65, via specific performance, or otherwise) that Defendant pay to Plaintiff all LTD benefits to which she is or will be entitled in the future pursuant to the contractual terms of the Plan/Policy at issue; subject to the proof and policy application procedures, as required; and so long as she otherwise continues to meet all applicable terms and conditions of the Plan/Policy;

[2] *See, CIGNA Corp. v. Amara*, 563 U.S. 421, 440-445 (2011).

C. That the Court award to Plaintiff her attorney's fees and costs of action pursuant to ERISA. *See*, 29 U.S.C. § 1132(g);

D. That the Plaintiff recover any and all other, different or additional damages, expenses, costs and relief (legal, equitable, declaratory or remedial) to which she may be entitled by virtue of the facts and cause(s) of action alleged above, consistent with the ERISA statute and regulations, the federal common law developed in the context of ERISA, and the interests of equity and justice; including without limitation any applicable or accrued cost-of-living adjustments ("COLAs"); any provision for waiver of, continuation of payment of, or reimbursement of, premiums on health and dental insurance; any provision for waiver of, continuation of payment of, or reimbursement of, premiums on life insurance (life waiver of premium); and any provision for continued payments/contributions to employer–sponsored retirement plan(s) (if and as any/all of those items may be provided under the Plan/Policy in force); plus pre-judgment interest[3] and post-judgment interest[4] on all amounts awarded or to be awarded;

E. That the Court order under ERISA (via 28 U.S.C. §§ 2201, 2202 and Fed. R. Civ. P. 57, via injunction pursuant to Fed. R. Civ. P. 65, via specific performance, or otherwise) that Defendant renders and provides a full and accurate accounting of all dollar figures and computations for Plaintiff's LTD benefits to be paid; in sufficient detail so that Plaintiff may ascertain that her benefits are paid in the proper amounts; and to include any putative offset amounts that might reduce the amount of benefits otherwise paid;

F. That Plaintiff be awarded such additional or other relief as may be appropriate and just; and

---

[3] *See, Curtis v. Hartford Life & Accident Ins. Co.*, 64 F. Supp. 3d 1198, 1224 (N.D. Ill. 2014) (presumption in favor of prejudgment interest is specifically applicable in ERISA cases).

[4] *See*, 28 U.S.C. § 1961.

G. Plaintiff reserves the right, if appropriate, pursuant to Fed. R. Civ. P. 15 or otherwise, to amend/supplement this lawsuit and the Prayer for Relief based on additional facts/circumstances not now reasonably apparent, or to be revealed in discovery conducted herein; and/or to add any party-defendant(s) necessary to afford complete relief to Plaintiff.

Dated this 17th day of April, 2020.

**Respectfully Submitted,**

CODY ALLISON & ASSOCIATES, PLLC

/s/ K. Cody Allison

K. Cody Allison, BPR No. 20623
Samuel D. Payne, BPR No. 19211
Lauren W. Travis, BPR No. 32473
Parkway Towers
404 James Robertson Pkwy, Ste. #1623
Nashville, Tennessee 37219
Phone: (615) 234-6000
Fax: (615) 727-0175
cody@codyallison.com
sam@codyallison.com
lauren@codyallison.com