**IN THE UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

**MELISSA WHITED,**

**Plaintiff;**

**vs.**

**LINCOLN LIFE ASSURANCE COMPANY OF BOSTON,**

**Defendant.**

**Case No.: 3:20-cv-00333**
**Judge Eli J. Richardson**
**Magistrate Judge Alistair E. Newbern**

---

**PROPOSED INITIAL CASE MANAGEMENT ORDER**

---

Plaintiff, Melissa Whited ("Plaintiff" or "Ms. Whited"), and Defendant, Lincoln Life Assurance Company of Boston ("Defendant" or "Lincoln"), file this Proposed Initial Case Management Order and joint report of the parties pursuant to Rule 26 of the Federal Rules of Civil Procedure and Local Rule 16.01. Pursuant to Federal Rule of Civil Procedure 26(f), the parties established the following schedule:

**A. JURISDICTION:** Jurisdiction is not disputed. The Court has "federal question" jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 1132(e), (f).

**B. BRIEF THEORIES OF THE PARTIES**

**1. Plaintiff:** Ms. Whited worked for Simpson Manufacturing Company as a human resources coordinator/employee services coordinator. She was covered under Simpson Manufacturing Company's Long-Term Disability Plan and corresponding insurance policy, underwritten by Lincoln.

Due to her medical disability, Ms. Whited's last day of work was on or about December 8, 2015. The medical conditions that form the basis for her disability include the following: history

of multiple prior back surgeries with resulting chronic pain and back spasms; restless leg syndrome; total knee arthroplasty; and depression/anxiety.

After she could no longer perform her work for Simpson Manufacturing Company, Ms. Whited applied for long-term disability ("LTD") benefits through Lincoln. Ms. Whited received LTD benefits from March 7, 2016 through September 7, 2018. However, Lincoln then wrongfully terminated further LTD benefits. Despite due appeal on behalf of Ms. Whited, Lincoln has continued to deny LTD benefits. Thus, Plaintiff makes claim under ERISA for the award of all LTD benefits due, as well as any other LTD-related benefits provided under the Plan.

**2. Defendant:** Defendant denies that Plaintiff is entitled to any relief by this action. As Plaintiff's claim arises under ERISA, the Court must review it under the abuse of discretion standard, and the decision reached with regard to Plaintiff's claim for benefits were not an abuse of discretion. To be eligible for benefits, Plaintiff must be "totally disabled," as defined by the policy. Plaintiff received benefits for the full duration of the "own occupation" definition of "totally disabled." However, after a full and fair review, Defendant found that Plaintiff was not eligible for benefits under the "any occupation" definition of "totally disabled." As alternative occupations were identified that Plaintiff could perform with her restrictions and limitations, she was not eligible for further benefits under the policy.

**C. ISSUES RESOLVED:** The parties agree that jurisdiction and venue are proper and that Defendant was properly served.

**D. ISSUES STILL IN DISPUTE:** Whether Plaintiff is entitled to further long-term disability benefits under the provisions of the Lincoln policy and, if so, in what amount.

**E. INITIAL DISCLOSURES:** The parties agree that service of the Administrative Record ("AR") by Defendant on Plaintiff will satisfy the requirements of service of any initial

disclosures under Rule 26(a). Defendant shall serve Plaintiff with the Administrative Record by July 20, 2020.

**F. CASE RESOLUTION PLAN AND JOINT ADR REPORTS**: By no later than September 18, 2020 the parties shall submit a joint report to advise the Court that the parties made a good faith effort to resolve the case. The joint report shall also state whether the parties request referral of the case for ADR. An updated joint report, including whether the parties request referral of the case for ADR, shall be filed no later than January 8, 2021.

**G. DISCOVERY:** Any discovery taken will be limited by the fact that this is an action seeking the recovery of ERISA benefits under 29 U.S.C. §1132(a), and as such the Court's review is generally limited to a review of the information available to the claim decision-maker at the time the final benefit determination was made. Defendant contends that no discovery is needed or appropriate. Plaintiff contends that limited discovery may be permitted after an initial showing demonstrating the existence of conflict of interest/bias or violation of due process on the part of the decision-maker. Moreover, there is the possibility that the parties will disagree as to what constitutes the Administrative Record. Thus, the parties agree to the following plan:

1. Should Plaintiff have any objection to the content of the Administrative Record, such written objection shall be filed on or before August 3, 2020.

2. Defendant shall file the Administrative Record with the Court by August 10, 2020. Defendant will file the AR under seal to protect the confidential and private information of Plaintiff.

3. Should Plaintiff seek to take any limited discovery as may be allowed in an ERISA action, the Plaintiff shall serve or notice such discovery on or before September 14, 2020.

Plaintiff's service or notice of discovery shall not be considered a waiver by Defendant of the propriety of or acceptance of discovery, either generally or as to specific discovery requests.

4. No motions concerning discovery are to be filed until after the parties have conferred in good faith and, unable to resolve their differences, have scheduled and participated in a conference telephone call with Magistrate Judge Newbern.

5. The deadline for filing any discovery motion shall be October 30, 2020.

6. Nothing in this plan will be considered as a concession from or waiver by Defendant that discovery is allowable in an ERISA benefits claim.

**H. MOTIONS TO AMEND OR TO ADD PARTIES:** Any motions to amend or to add parties shall be filed by no later than August 28, 2020.

**I. DISCLOSURE OF EXPERTS:** The parties agree that no expert witnesses are necessary.

**J. SUBSEQUENT CASE MANAGEMENT CONFERENCE:** A subsequent case management conference shall be held on November 13, 2020 to address: status of discovery (including any discovery issues or disputes); prospect for settlement (including propriety of ADR); and any other appropriate matters.

**K. DISPOSITIVE MOTIONS:** This is a claim for ERISA benefits under 29 U.S.C. §1132(a)(1)(B), and will thus likely ultimately be decided on the parties' respective motions for judgment. Dispositive motions shall be filed by no later than March 1, 2021. Responses to dispositive motions shall be filed within 28 days after the filing of the motion. Briefs or memoranda of law in support of or in opposition to a dispositive motion shall not exceed 25 pages. Optional replies may be filed within 14 days after the filing of the response and shall not exceed 5 pages. No motion for partial summary judgment shall be filed except upon leave of court. Any party

wishing to file such a motion shall first file a separate motion that gives the justification for filing a partial summary judgment motion in terms of overall economy of time and expense for the parties, counsel and the Court. In all other respects, the provisions of Local Rule 56.01 shall govern.

**M. ELECTRONIC DISCOVERY:** The parties will address any e-discovery issues by agreement, but do not anticipate the need for discovery of electronically stored information. Therefore, the default standard contained in Administrative Order No. 174-1 need not apply to this case.

**N. ESTIMATED TRIAL TIME:** As this is an ERISA action, no trial is anticipated.

It is so **ORDERED**.

____________________________________
ALISTAIR E. NEWBERN
United States Magistrate Judge

APPROVED FOR ENTRY:

**CODY ALLISON & ASSOCIATES, PLLC**

/s/ Lauren W. Travis
K. Cody Allison, BPR No. 020623
Samuel D. Payne, BPR No. 019211
Lauren W. Travis, BPR No. 032473
Parkway Towers
404 James Robertson Parkway, Ste. 1623
Nashville, TN 37219
Telephone: (615) 234-6000
Fax: (615) 727-0175
cody@codyallison.com
sam@codyallison.com
lauren@codyallison.com

*Counsel for Plaintiff*

**LAW OFFICES OF IWANA RADEMAEKERS, P.C.**

By: /s/ Iwana Rademaekers
Iwana Rademaekers, Texas Bar # 16452560
(Admitted Pro Hac Vice)
14785 Preston Road, Suite 550
Dallas, TX 75254
Telephone: (214) 579-9319
Fax: (469) 444-6456
iwana@rademaekerslaw.com

*Counsel for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on this 22nd day of June, 2020, it is anticipated that a true and exact copy of the foregoing will be served via the Court's CM/ECF system on:

Iwana Rademaekers, Texas Bar # 16452560
LAW OFFICES OF IWANA RADEMAEKERS, P.C.
14785 Preston Road, Suite 550
Dallas, TX 75254
iwana@rademaekerslaw.com

/s/ Lauren W. Travis
Lauren W. Travis