The motion is granted. From the face of the sealed filing, it is clear that the legitimate interests in favor of sealing outweigh the interests of the public in accessing the document. The Clerk is directed to file Doc. No. 18 and its attachments under seal.

Eli Richardson

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

| | | |
|---|---|---|
| **MELISSA WHITED,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **CIVIL ACTION NO. 3:20-cv-00333** |
| | ) | |
| **v.** | ) | **JUDGE RICHARDSON** |
| | ) | |
| **LINCOLN LIFE ASSURANCE COMPANY OF BOSTON,** | ) | **MAGISTRATE JUDGE NEWBERN** |
| | ) | |
| | ) | |
| **Defendant.** | ) | |

**DEFENDANT'S UNOPPOSED MOTION FOR LEAVE TO FILE UNDER SEAL**

Defendant, Lincoln Life Assurance Company of Boston ("Lincoln Life") files this Unopposed Motion For Leave to File Under Seal as follows:

Lincoln Life requests that it be allowed to file *Defendant's Submission of Administrative Record* and the exhibits thereto under seal as, as directed by the Court's June 29, 2020 Order (Document 16), and as the administrative record contains personal and confidential medical information. Counsel for Plaintiff has no opposition to this request.

Further, the undersigned certifies that a timely filing of *Defendant's Submission of Administrative Record* was attempted on August 10, 2020 pursuant to the court's June 29, 2020 Order. However, after having been informed by the help desk that a motion to seal would not be necessary, the CM/ECF system would not allow the filing of the sealed event. After several attempts, the system finally appeared to accept all of the exhibits, but then displayed a message stating "There are no applicable events to relate to the current event. Docketing of this event cannot continue." After calling the court this morning, it was suggested that we should try the filing again with a motion for leave to seal.